JOHN L. GRAFF, Appellant, v. FREDERICK LANE *et al.*, Respondents.

St. Louis Court of Appeals, January 15, 1895.

The evidence in this cause is considered, and *held* to disprove the cause of action alleged.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Merrifield W. Huff* for appellant.

*Carlisle & Ottofy* for respondents.

BOND, J.—Plaintiff seeks to enjoin the collection of a judgment obtained against him upon a trial, alleged to have taken place in violation of an agreement on the part of the plaintiff in the action, wherein the judgment was rendered, and the justice who tried the case to postpone the same on account of the sickness of the present plaintiff, and to give notice of the time when it should be reset for trial, whereby it is alleged this plaintiff was prevented from making a defense to said case. The answer was a general denial.

On the hearing there was evidence tending to prove the allegations in plaintiff's petition, and also evidence adduced by defendant tending to disprove the allegations of said petition. The trial judge found the facts in favor of defendants, and dissolved the temporary injunction theretofore awarded, and assessed damages on the bond and dismissed the petition, from which rulings plaintiff has appealed.

We have carefully examined the testimony preserved in the record, and we find therefrom that the preponderance of the evidence negatives the promise claimed by plaintiff to have been made to him, that the former case should be continued indefinitely on account of his sickness, and notice given him of its resetting. On this point the only affirmative testimony was that given by Wm. G. Dochter, the messenger sent by plaintiff to the justice's office, who stated that the justice said he would set the case and send plaintiff notice. On the contrary the justice testified that he could not remember the circumstances of the continuance; that there were one hundred or more cases before him a month; and that it was not the custom in his office to send notices to parties of the continuances of their causes. The clerk in the justice's office testified positively that the justice made no statement that he would send any notice to plaintiff, but that, when the messenger of plaintiff came to the justice's office, the case was continued from the fourteenth to the twentieth of the current month. L. F. Ottofy, attorney for plaintiff in the former cause, testified that no notice was given to the messenger that the cause would be continued until the twentieth of the month, and no promise was made by the justice to notify plaintiff. The constable in charge of the execution also testified that he showed it to the plaintiff, who claimed he had been sick and forgot about attending the trial.

We are satisfied from this testimony, and all the facts and circumstances set out in the record, that the finding of the chancellor was in accordance with the weight of the evidence. As that finding was against the plaintiff on the only theory upon which he could claim relief under the petition in this cause, it will be affirmed. All concur.